SHELDON FIXTURE COMPANY, Appellee, v. ATLAS OIL COMPANY, Appellant.

**WITNESSES: Competency—"Guessing" at Amount of Damages—**
1 **Opinion Evidence.** Knowledge on the part of a witness to reasonable values which only enables him to *guess* at such values is wholly insufficient to render him competent.

**TRIAL: Argument—Argument Based on Non-Introduced Testimony.**
2 Argument may be met with argument, *provided it is based on record evidence.* In other words, counsel may not meet his opponent's argument by a statement of evidentiary matters which he (counsel) has not seen fit to offer.

PRINCIPLE APPLIED: Plaintiff originally pleaded that, on account of defendant's breach of warranty, he had, in certain enumerated ways, been damaged in the sum of $255. Later, he amended, and alleged the damage to be $570. Defendant introduced plaintiff's original pleading, as tending to impeach plaintiff's testimony. *Plaintiff offered no explanation.* Thereupon, counsel for defendant, in argument to the jury, commented on this inconsistency in pleading. Counsel for plaintiff countered with a statement to the jury *of the facts* which led to this change in pleadings. *Held*, the latter conduct was reversible error.

*Appeal from O'Brien District Court.*—W. D. BOIES, Judge.

FRIDAY, NOVEMBER 17, 1916.

ACTION for damages for breach of oral guarantee of certain roofing material. There was a verdict and judgment for the plaintiff, and the defendant has appealed.—*Affirmed on Condition.*

*Hugh A. Myers, W. E. Macewen* and *O. H. Montzheimer,* for appellant.

*T. E. Diamond,* for appellee.

EVANS, C. J.—The plaintiff purchased of the defendant certain roofing material to be used upon a building in the course of construction by the plaintiff. It was purchased under an oral guarantee that it would not leak. The roof was covered with the material in December, 1913. Within about 30 days from that time, it had become cracked and leaky. For five months thereafter, it continued to leak after every storm, when it was abandoned by the plaintiff and supplanted with a new roof. Plaintiff brought this action for damages, direct and consequential. The original cost of the roofing, paid by the plaintiff to the defendant, was $262, with $24 other expense additional. The plaintiff recovered a verdict for $878.70. Upon the record before us, we have no occasion to consider other than two assignments of error.

1.  One item of damage claimed for was the sum of $75, alleged expense incurred by the plaintiff in getting water out of the building as the result of storms, and in removing goods from places of exposure to leakage.  In support of this item, the plaintiff examined the witness Hollenbeck.  According to this witness, this alleged damage was based upon the expense incurred on many occasions, during a period of five months, where more or less time was consumed in the work referred to, and a greater or less number of men engaged therein at different times.  The witness testified that some of this work was paid for, and some of it was done gratis.  Without further specification in the evidence than here indicated, this witness was allowed to testify, over appropriate objection by the defendant, that the reasonable value of the services rendered was $70 or $75.  In stating this sum, the witness testified that he "guessed at it."  The witness also testified:

1.  WITNESSES: competency: "guessing" at amount of damages: opinion evidence.

"I think we paid more than $10.  I don't know that it was more than $15.  Don't know that they paid out that much.  Can't state any figures on that.  I am just basing it on my judgment."

Upon the showing made, we think it was error to permit the witness to make the guess.  It was, of course, not requisite that the witness should be able to state exact items where items were not preserved, but it was requisite that some reasonable basis should be laid for the purpose of approximation where items were wanting.  The basis is wholly wanting in this case.  The error in admitting the testimony crept into the instructions, and was somewhat emphasized.

2.  One of the elements of damage claimed by the plaintiff was for injuries sustained to the ceiling and to the flooring of the building, as a result of the leakage.  By an amendment to the petition, damages were claimed for these injuries, to the amount of $570.  In the original petition, these damages were specified in two items, of $120 for injury to

2.  TRIAL: argument: argument based on nonintroduced testimony.

the ceiling and $135.20 for injury to the flooring. As tending to impeach or contradict the testimony for the plaintiff in support of this item, the defendant introduced in evidence the original verified petition, with the items of damage claimed therein. No explanatory evidence was offered by the plaintiff on the trial. In plaintiff's closing argument to the jury, however, plaintiff's attorney explained to the jury the reasons for the increased claim made in the amendment over that of the original petition. This was appropriately objected to by the defendant. The court, however, ruled expressly that the explanation was proper, in view of the fact that the defendant's attorney had commented upon the inconsistency. We think this ruling was erroneous. The defendant had a right to put in evidence the original petition, as tending to contradict the enlarged claim of the plaintiff. Whatever inconsistency appeared was, of course, subject to explanation. Inconsistency of pleading is not necessarily of great significance. On the other hand, it may be of such a nature as to be highly significant. In this case, no explanatory evidence was offered. This being the state of the evidence, defendant's counsel had a right to refer to it in argument. Plaintiff's counsel also had the right to meet argument with argument, but he was bound to meet it upon the record of the evidence as made. He had no right to avoid the record as made by statements of fact which he had not seen fit to introduce in evidence. If the practice here adopted should receive our sanction, the tactful attorney, in the trial of a case, might often find it advantageous to withhold explanatory evidence until it could be delivered in the closing argument to the jury. If nothing more were involved than the right of cross-examination, it would be a sufficient reason why such a practice could not be countenanced. We think, therefore, that this assignment of error must be sustained.

3. The only other assignment of error bears upon the competency of the witness Souers to testify to values. While the foundation of competency was not very satisfactory, we

think the showing brought the question within the fair discretion of the trial court in permitting the testimony.  The first error above sustained affects only the item of $75, and the second error affects only the item of $570.  For the purpose of this case, we must assume that these items were allowed in full by the jury.  The defendant was prejudiced, therefore, by the first error, to the extent of the difference between $15 and $75; and by the second error, to the extent of the difference between $255.20 and $570.  If, within 60 days from the filing hereof, the plaintiff elect to remit $374.80, its judgment for the balance will be affirmed; otherwise, the judgment must be reversed, for the errors indicated.  We impose this condition more readily because, upon the whole record, we are impressed with the excessive character of the verdict.  The question of the proper measure of damage, however, is not before us upon this record, and we therefore give it no consideration.

The judgment below will be affirmed on condition, as above stated, and otherwise, reversed.—*Affirmed on Condition.*

DEEMER, WEAVER and PRESTON, JJ., concur.